<hr/>

## LEWIS ALLEN *vs.* DAVID WILKINS.

The administrator of the estate of a married woman may maintain an action upon a note given and made payable to her during coverture, if during her life her husband did not reduce it to possession, or do any act indicating an intention to take it to himself.

CONTRACT brought by the administrator of the estate of Mary Wilkins against the maker of a note payable to her. At the trial in the superior court, it appeared that the note was given in renewal of a former note, which was executed before the passage of *St.* 1857, *c.* 249, for work done by Mary Wilkins and her husband, and money lent. There was no evidence that during her life her husband attempted to reduce it to possession,

or did any act indicating an intention to take it to himself. On this evidence, *Ames*, J. directed a verdict for the defendant, which was rendered; and the plaintiff alleged exceptions.

*J. W. Perry & C. A. Wilkins*, for the plaintiff.

*A. V. Lynde*, for the defendant.

BIGELOW, C. J. In a certain sense, a chose in action which becomes the property of the wife during coverture may be said to be the absolute property of the husband. He has a right to demand and receive the money due upon it, to commence ar action upon it in his own name without joining the wife, and if it be negotiable paper, to put it in circulation by his own sole indorsement. In a word, he has the right to do any act to reduce it into his own possession. So long as he and his wife are both living, the entire *jus disponendi* is in him. It was in this sense that it was said in *Stevens* v. *Beals*, 10 Cush. 291, that a promissory note given to the wife during coverture became the property of the husband. The only question in that case was as to the validity of the title of the plaintiff as indorsee, and it was held that the indorsement of the wife made with the assent and by the authority of the husband was good and sufficient to pass the note, and was equivalent to an indorsement by the husband alone. But the case at bar presents a very different question. The note declared on was payable to the wife. It was given to her during coverture, and remained in her possession and control until her death. No act was done by the husband during her life to reduce it to possession. He did not " elect to take it in his marital right," or " disagree to the interest of the wife in it." On the contrary, the evidence offered at the trial tends to show that his intention was that the note should remain her property, and that she should have the benefit of it. At her death, therefore, it still remained her property. It had not become his by any act which amounted to an election to take it to himself, or to an expression of dissent on his part to the retention by the wife of her interest in it. If she had survived him, the note would not have gone to his representatives, but would have continued in her. In like manner, on her death, the property vested in her legal representative. His right to

reduce it to possession was at an end on the dissolution of the marriage by her decease. It was then a chose in action, and, being a promissory note payable to the order of the wife, no one could sue upon it, unless he could trace a title to it under the original payee. This the husband could not do, because he had not exercised his right to reduce it to possession, or to take it to himself during her coverture. But the plaintiff, as her administrator, has a right to maintain the action. The property in the note has passed to him as her legal representative. The rule is well settled that choses in action belonging to a married woman can be recovered after her death by her administrator, and that the husband cannot maintain an action upon them, unless he sues in that capacity. The cases of *Goddard* v. *John son*, 14 Pick. 352, and *Hapgood* v. *Houghton*, 22 Pick. 480, are said to countenance a different doctrine. But they go no further than to determine that a husband may maintain an action in his own right, after the death of his wife, to recover a legacy .eft to her during coverture. And it is expressly laid down in a subsequent case that the decided cases have established the rule that a husband, after the death of his wife, cannot bring an action on a chose in action which accrued to her during coverture. *Jones* v. *Richardson*, 5 Met. 247, 249. And we know of no case which determines that an administrator of the wife cannot maintain an action to recover a promissory note made payable to the wife during coverture, and which the husband has neither reduced to possession during her lifetime, nor in any way taken to himself. The authorities, we believe, are uniform, that in such a case the administrator of the wife can well maintain an action to recover the amount due on the note. 2 Kent Com. (6th ed.) 135, *notes. Garforth* v. *Bradley*, 2 Ves. Sen. 675. *Richards* v. *Richards*, 2 B. & Ad. 447. *Gaters* v. *Madeley*, 6 M. & W 423. *Hart* v. *Stephens*, 6 Q. B. 937. *Scarpellini* v. *Atche on*, 7 Q. B. 864. *Verdict set aside*