GERBER v. STATE BANK.  (No. 7075.)

(Supreme Court, Appellate Division, First Department.  April 9, 1915.)

1. DESCENT AND DISTRIBUTION ⟪76—DEATH OF WIFE—TITLE TO PERSONALTY.
    On death of a wife, intestate and without descendants, title to her personal property of all kinds at once passes to and vests in her surviving husband; the title being derived solely from the jus mariti.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 252–262; Dec. Dig. ⟪76.]
2. DESCENT AND DISTRIBUTION ⟪91—DEATH OF WIFE—RECOVERY ON CHOSE IN ACTION.
    As to a chose in action, like a debt owing a wife, though she dies intestate and without descendants, recovery cannot be had by the surviving husband in his individual capacity, but must be through an administrator.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 359–381; Dec. Dig. ⟪91.]

Appeal from Appellate Term, First Department.

Action by Gustav Gerber against the State Bank. From a determination of the Appellate Term, affirming an order of the City Court denying plaintiff's motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Jacob I. Wiener, of New York City, for appellant.
Joseph E. Cosgrove, of Brooklyn, for respondent.

SCOTT, J.  The complaint, summarized, alleges that plaintiff was the husband of Eva Gerber, who died February 4, 1914, intestate and without descendants; that said intestate left no debts, and that plaintiff is of sufficient financial responsibility to pay her debts, if she left any. It is further alleged that at the time of her death said Eva Gerber had on deposit in defendant, and said defendant owed her, a sum of money, which plaintiff seeks to recover in his own right by virtue of his jus mariti; no administrator having been appointed. The defendant demurs.

[1] It is the settled law in this state' that upon the death of a wife, intestate and without descendants, the title of her personal property of all kinds at once passes to and vests in her surviving husband, and this notwithstanding our Married Woman's Acts, which have secured to a wife during coverture the same rights to her separate property and

the disposition thereof that she would have enjoyed if unmarried (Gittings v. Russel, 114 App. Div. 405, 99 N. Y. Supp. 1064; Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184; Ransom v. Nichols, 22 N. Y. 110); and that this title is derived solely from the jus mariti is now also well settled. In Barnes v. Underwood, 47 N. Y. 351, it was intimated that in such a case the husband's title was derived through his right to administer, but this view was distinctly repudiated in later cases. Robins v. McClure, supra.

[2] The only question in the case is whether or not, as to a chose in action like the debt owed by defendant to plaintiff's deceased wife, the husband must, in order to recover, take out administration, or may, as he seeks to do here, recover in his individual capacity without administration. This precise question does not appear to have been passed upon in this state, although the authorities are numerous in other states to the effect that, having failed to reduce the property into possession during coverture, it becomes a part of the wife's estate, to be recovered through administration. See cases collated in 21 Cyc. p. 1179. The rule was formulated in Allen v. Wilkens, 85 Mass. (3 Allen) 321. That was an action upon a promissory note given to the wife and held by her at her death. It was held that it was a chose in action, and, since the husband had omitted to reduce it to possession during coverture, the property passed at the wife's death to her legal representatives; the court saying:

"The rule is well settled that choses in action belonging to a married woman can be recovered after her death by her administrator, and that the husband cannot maintain an action upon them, unless he sues in that capacity."

This appears, also, to have been the rule at common law. Blackstone thus expresses it:

"But in case the husband survives the wife, the law is very different with respect to chattels real and choses in action, for he shall have the chattel real by survivorship, but not the chose in action. * * * But the chose in action shall not survive to him, because he never was in possession of it at all during coverture, and the only method he had to gain possession was by suing in his wife's right; but as, after death, he cannot bring an action in her right, because they are no longer one and the same person in law, therefore he can never recover the possession. But he still will be entitled to be her administrator, and he may in that capacity recover such things in action as became due to her during the coverture." Book 2, page 435; Sharswood's Ed. vol. 1, p. 434.

So, also, Chancellor Kent expresses the same rule:

"As to debts due to the wife at the time of her marriage or afterwards, by bond, note, or otherwise, and which are termed choses in action, they are not vested absolutely in the husband, but the husband has power to sue for and recover or release or assign the same; and when recovered and reduced to possession, *and not otherwise*, it is evidence of the conversion of the same to his own use, and the money becomes, in most cases, absolutely his own. * * * If his wife dies and he survives her before he has reduced the chose in action to possession, it does not strictly survive to him; but he is entitled to recover the same to his own use by acting as her administrator." 2 Kent's Commentaries (14th Ed.) p. 135.

See, also, Schouler, Domestic Relations, § 198.

That, in case of the death of a wife owning choses in action not reduced to possession by the husband during coverture, it may be nec-

essary for the husband to take out letters of administration in order to collect, is distinctly recognized in Olmsted v. Keyes, 85 N. Y. 602, in which Judge Earl, writing for the court, said:

"All the choses of the wife not reduced to possession during the joint lives, by the common law, passed to the husband upon her death. * * * He may then release them, or take payment of them without administration, *if he can get payment.* * * * If administration is needed to reduce the choses to possession, he is entitled to it, and if there are no debts the administration is solely for his benefit."

We are of opinion that, in a case like the present, where the debtor to the wife at the time of her death is unwilling to make voluntary payment to the husband, the latter can enforce ʃ. yment only by taking out letters of administration in due and orderly course. This may serve to protect the debtor if, as may happen, it shall hereafter be found that the wife was in debt at the time of her death.

Determination appealed from affirmed, with costs. Order filed. All concur.