Eder, J.
Three motions are before the court, all seeking a dismissal of the complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice upon the ground plaintiff has not legal capacity to sue. In determining the question whether the challenged capacity to sue exists, it must be assumed that relief may be granted if support is found for it upon the basis of the allegations contained in the complaint and upon any ground or theory of recovery. The sufficiency of the complaint and the right to relief if the allegations upon proof will support it upon any theory are not challenged save that plaintiff may not be the person entitled to demand it. Much is stated in the affidavits and in the briefs both as matters of law and of fact which *616 is totally irrelevant. For example, anything which has occurred or is pending in the Surrogate’s Court and which is urged as a possible bar to this action is not germane to the motion. The mere claimed adjudication or pendency cannot raise a bar and preclude further inquiry since the motion is not made on such defensive propositions.
The operative and controlling facts are indeed, few and simple. Samuel Steuer died on November 2, 1954. Plaintiff is, his widow. Seventy-five shares, or 50% of the outstanding capital stock of the defendant corporation, are part of his estate. His widow takes no benefit whatsoever from his will, which has been admitted to probate. The defendants Irwin Steuer and Irving Gordon are the executors of the estate. Plaintiff has caused to be duly filed a notice of election pursuant to section 18 of the Decedent Estate Law and has exercised her privilege by causing to be duly filed her consent to accept twenty-five shares of the capital stock of the defendant corporation pursuant to subdivision 2 of section 268 of the Surrogate’s Court Act. The complaint contains two causes of action. It charges wrongdoing by the defendants with respect to the affairs of the corporation, having as its purpose and result the depreciation of the financial condition of the corporation and of the value of plaintiff’s stock therein. It is charged that the misconduct resulted in a loss to the corporation of at least $200,000 and also in a loss to the plaintiff of a sum upwards of $200,000. Finally it is alleged that a demand upon the directors to bring suit is futile while such a demand was urged upon the defendant executors but they failed and refused to act. The second cause of action seeks a dissolution of the corporation upon the ground it is not serving the objectives of its creation but rather the personal ends of the individual defendants.
The complaint sets forth no cause of action in plaintiff’s personal right as a stockholder upon any basis whatsoever. She is not the legal or equitable owner of the stock of defendant corporation. Neither the notice nor the consent filed by her in the Surrogate’s Court has the effect of transforming a beneficial interest in the decedent’s estate into a beneficial interest in the stock of the corporation held by the estate. Nor is any ground set forth in this derivative stockholder’s suit which would give rise to a claim of independent tort committed against her as. a stockholder and thus a cause of action in her individual capacity to redress that wrong. It should be stated at once, however, that the obvious distinction between a beneficial interest in stock and a beneficial interest in the estate of a deceased whose execu *617 tors hold stock of a corporation may well give rise to a right in plaintiff to some redress in appropriate circumstances against the estate executors.
A notice of election constitutes the plaintiff a person beneficially interested in the estate. It gives her no specific right or title to any specific estate property. No authority is furnished and none is found supporting the contention that the filing of a consent to take in kind works a transfer of beneficial interest to the specified property. The consent is offered by virtue of the provisions of the Surrogate’s Court Act. The operation is wholly administrative. It facilitates the administration of the estate in protecting both its assets and the beneficiaries and the presentation and judicial settlement of accounts. Above all, it is permissive only and rests in the ultimate discretion of the Surrogate. In any event, the acquisition of a beneficial interest in the specific property must await a transference by virtue of the effect of the decree as it operates both upon the accounts and the consent unless prior thereto all parties in interest have consented to allocation. A distributee has no greater right in this regard than a general legatee, and neither has the right or prospect of payment in kind save by virtue of section 268 of the Surrogate’s Court Act. But no authority is furnished for the proposition that the decree insofar as it directs payment in kind is retroactive and that title thus delivered is effective as of the date of the consent of but one of the parties in interest. Even where all parties in interest make a mutual and consensual distribution of stock, it cannot be said that any one party interested in the estate becomes an owner of the stock before the consent of all other parties was given. It is not the consent of one that operates but the decree or the consent of all, as the case may be (Law v. Alexander Smith & Sons Carpet Co., 271 App. Div. 705). The filing of a notice of election creates a beneficial interest in the estate. The right thus created is conferred by the Decedent Estate Law. The filing of a consent to take in kind is but a privilege granted by the Surrogate’s Court Act and ripens into a right or beneficial interest, conferred by the decree.
Plaintiff relies additionally on such cases where the plaintiff has a beneficial interest in stock by reason of a trust in which specific stock is held for his benefit or where plaintiff is a stockholder of a corporation and seeks redress in favor of a subsidiary corporation or similar cases of “ double derivative ” actions and upon the fact further that she is interested in the income derived from stock held in the estate. None of those *618 situations afford her any right of action as a stockholder (Matter of Stewart, 167 Misc. 361; Baum v. Sporborg, 146 App. Div. 537).
: One. further matter remains for consideration. Has the plaintiff the right to bring the action notwithstanding she is not: a, stockholder but because the defendant executors owe her a: .fiduciary duty which they have breached and she may therefore Drmg the action upon causes vested in them? Such a right she; could undoubtedly have (Josephberg v. Cavallero, 262 App. Div, 1; Birn v. Childs Co., 37 N. Y. S. 2d 689). The sufficiency of the allegations of the complaint as to this feature of the matter is not in issue Tmt the factual support for such allegations is in issue. Naturally, executors may not be expected to litigate upon every grievance or difference of opinion tendered by the legatees or others interested in the estate. The refusal to litigate must be unreasonable. In this aspect of the controversy there are additional facts which have been elicited bearing upon this issue. It is unnecessary to recite them, but seemingly the question of the reasonableness of plaintiff’s demand to sue or the unreasonableness of defendants’ refusal is a decisive factor in the entire issue and it is also important to the affairs of the corporation and the protection of all persons interested both in the corporation and the estate. The limited issue thus raised, however, seems also to pervade the entire issue. Since the complaint upon this motion must be deemed sufficient with respect to the claim of demand made upon the executors and their refusal, the issue as raised by this motion pursuant to rule 107 is not determinable upon the basis of the submission and the complaint is therefore not dismissible. Nor in the circumstances should the court direct that the matter proceed to hearing pursuant to rule 108 of the Buies of Civil Practice.
The court concludes, therefore, that the suit is maintainable only as one brought in plaintiff’s individual capacity, but by reason of her derivative claim through her fiduciaries and in lieu of them and not in her derivative right as a stockholder. While it is determined that plaintiff in her individual capacity has a right to sue, it is not determined that factual support for the alleged demand and refusal, the essential element conferring the right to sue, is established. The motion is granted accordingly dismissing the complaint to the extent it is brought by plaintiff as a stockholder and dropping plaintiff as a party stockholder. If, in the common opinion of the parties, the specific issue as herein outlined and not properly tendered by the motion is deemed of sufficient importance to the affairs of the corporation that it should be settled before the litigation is *619 permitted to go further and the parties are put to needless delay in settling the affairs of the corporation and of the estate or further expense of needless litigation, they may cause an order to be settled which will refer the issue for hearing and determination.