render the statute applicable (*Guerlain, Inc.* v. *Woolworth Co.*, 297 N. Y. 11). Section 369-a of the General Business Law permits agreements fair trading any commodity — defined by section 369-d of said law as " any subject of commerce " — which bears, or the label or content of which bears, the trade-mark, brand, or name of the producer and which is in fair and open competition with commodities of the same general class produced by others. Under such circumstances the plaintiff is entitled to the protection afforded by the General Business Law. As so modified the judgment is affirmed. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■  Belle Steuer, Individually and as a Stockholder of Hector's Tavern, Inc., Suing in Behalf of Herself and All Other Stockholders of Said Corporation, and for the Benefit of Said Corporation, Respondent, v. Hector's Tavern, Inc., et al., Appellants.— The fact that plaintiff, as widow of a deceased stockholder, has filed her consent to accept 25 shares of stock in the defendant corporation as part payment of her elective share of the estate, does not suffice to make her either the legal or equitable owner of the stock so as to entitle her to maintain a stockholder's derivative action in her own right (*Miller* v. *Miller,* 256 App. Div. 846, affd. 280 N. Y. 716). Nor may she sue in the right of the estate which holds the stock. The duty properly to administer the assets of the estate is vested in the executors, and no such showing of special circumstances is made (*McQuaide* v. *Perot,* 223 N. Y. 75) as would indicate that plaintiff cannot secure full and adequate relief through appropriate proceedings in the Surrogate's Court. Orders, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellants, the respective motions to dismiss the complaint are granted in all respects, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ. [1 Misc 2d 614.]

■  Fred S. Radway, Respondent, v. United Benefit Life Insurance Company, Appellant.— Order granting plaintiff's motion for judgment on the pleadings and dismissing defendant's counterclaim and the judgment entered thereon, unanimously reversed, with costs to the appellant, and the motion denied. The incontestability clause is no bar to the counterclaim insofar as it seeks to reform, rather than to destroy, the policy. The allegations of defendant's mistake in computing the premium chargeable for the insurance, coupled with allegations that plaintiff "knew or should have known" that the premium set forth in the policy was incorrect, create triable issues, if not as to mutual mistake, then certainly as to unilateral mistake on one side and fraud on the other. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■  In the Matter of the New York World Telegram Corp., Respondent-Appellant, against William E. Boyland et al., Constituting the Tax Commission of the City of New York, Appellants-Respondents. [125 Barclay St., Borough of Manhattan.] — Order unanimously modified so as to reinstate the assessed valuation of the building, to wit, $1,125,000, making total assessed value of $1,525,000. On this record the value now fixed is justified. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■  In the Matter of Anthony La Torre et al., Appellants, against Joseph Schechter et al., Constituting the Civil Service Commission of the City of New York, et al., Respondents.— Orders unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■  In the Matter of the Estate of Helen A. Moran, Deceased. Charles F. Moran, Appellant; Mae A. Moran et al., Respondents.— Decree unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Botein, Cox, Frank and Valente, JJ.