S. Samuel Di Palco, S.
The petitioning executors move for an order dismissing two sets of objections addressed to their account in this proceeding for its settlement.
The deceased died a resident of New York County on September 5, 1953 leaving a will which was admitted to probate in this court. Devising his Maryland farm to his wife for life with remainder over to his son, the testator divided his residuary estate into equal shares creating separate trusts for the life use of his first and divorced wife, his widow and each of his three children with remainders over in a manner not presently important.
Following their qualification the executors commenced distribution of the income to the life beneficiaries of the five residuary trusts and continued this practice until April 12, 1954 when the widow filed a concededly valid notice of her election to take against the will in accordance with the provisions of section 18 of the Decedent Estate Law. From that time forward all of the income received was paid to the widow to the exclusion of the other income beneficiaries with a view to bringing total distributions into the balance required as a result of the exercise of the right of election. Such was the practice followed for the ensuing 15 months until June 10, 1955 when the widow served upon the executors a duly acknowledged instrument expressly withdrawing the notice previously filed. In recognition of this revocation of the election to take against the will they then embarked upon a new distribution program designed to bring about an adjustment in the amounts payable to the other income beneficiaries but within a short time after the institution of the revised schedule of payments and the commencement of this proceeding the widow died. Her executor has been substituted for her as respondent here and has filed objections to the account based upon a claim that the renunciation was legally a nullity. Specifically, the issue for *94 decision on this motion to dismiss was formulated by the objection interposed by the representative of the widow’s estate to the petitioners’ failure to give continuing effect to the notice of election.
Section 18 of the Decedent Estate Law, the governing statute, is silent as to the effect of a renunciation of a previously filed notice of election. It appears to be the rule in other jurisdictions, however, that an election to take against a will, as well as a renunciation of an election, is irrevocable except in those cases where the elector is relieved of its consequences by the court having jurisdiction over the estate (see n. Revocation of election to take under or contrary to will; 81 A. L. R. 740). The court is not persuaded, however, that the general rule, assuming it can fairly be said to exist, has any applicability to cases arising under the New York statute which has been described by those responsible for its enactment as being sui generis (Combined reports of Commission to Investigate Defects in Laws of Estates [1935 ed.], p. 19). Further, to the extent that the cases in other courts depended for the result reached upon the fact that to allow the free renunciation of an election would be to disturb existing rights, they constitute no authority here where none of the parties contends that such a condition obtains and all, save the executor of the deceased widow, are in agreement that she must be held to have acted lawfully in renouncing her election to take against the will. (Matter of Tourneau, 4 Misc 2d 941.)
The court is also of the view that the second of the arguments urged in support of the position assumed by the widoAv’s executor is equally unsound relying as it does upon the proposition that the renunciation was wholly ineffective because it was not filed within the six-month period prescribed by the statute (Decedent Estate Law, § 18) as the time within which a right of election must be exercised. It has already been pointed out that no statutory standards exist in respect of renunciations and the court is not of a mind to apply to them limitations intended to be applicable to wholly different rights.
The assent of all of the other persons interested in the estate disposes of the possibility that the exercise of the right of eléction by the widow gave rise to an estoppel in their favor preventing its renunciation. The absence of any statutory prohibition left her then free to stand upon the rights that the serAd.ce and filing of her notice to take against the will had created or to Avaive and abandon them if she so chose as her subsequent Avithdrawal of the notice gave evidence that she did. It is not a concept confined to the law of estates which holds that the *95 existence of a right secured by contract, conferred by statute, or guaranteed by the Constitution gives rise to a parallel privilege in favor of the holder to waive or relinquish it except in those cases where public policy or estoppel intervenes (Selzer v. Baker, 295 N. Y. 145; Vose v. Cockroft, 44 N. Y. 415). For the reasons described the court has reached the conclusion that under the facts and circumstances peculiar to this case the renunciation and withdrawal of the notice of election was a lawful and proper act and so grants the motion to dismiss the first of the objections filed by the executor of the widow’s estate.
The objectant states its second objection in terms too broad and vague to stand against attack but if it is to be read, as the court assumes it is, as a charge that the widow’s withdrawal of her notice of election was rendered ineffective because of its having been ‘1 the result of unreasonable pressure, possibly constituting duress, exerted either by Virginia A. Luginbuhl, now Virginia A. Carter, a party to this proceeding, or by other persons whose names are at present unknown to objectant,” then it offers no reason why the validity of the notice, as against this estate, is open to question. The accounting executors are not charged with knowledge of any infirmity in the notice of withdrawal and if one exists and was created by the wrongful act of a third person then the remedy lies elsewhere than in this proceeding or in this forum (Matter of Goldstein, 176 Misc. 366). The motion to dismiss the objections of Irving Trust Company as executor of the estate of Helen H. Allan is granted in all respects.
Virginia A. Carter and Alice W. Allan, a daughter and the divorced first wife respectively, of the deceased, have filed a joint answer to which the petitioners have countered with a motion for dismissal of all but the first of their seven objections. Mrs. Carter filed a claim with the executors in the sum of $24,000 for services allegedly rendered by her “ in performing-duties incumbent upon the executors herein and in their default, and to the benefit or the interest of all other beneficiaries of this estate.” She alleges that after the notice of election to take against the will was served upon the executors they failed to take the necessary steps to appraise the property of the testator and relied upon valuations and inventories supplied, to them by the widow. Thereupon, the objection states, “ the said Virginia A. Carter personally undertook to ascertain and to establish the true value of the property * * * and that as a result of this action * * * the late Helen Hyland Allan withdrew her notice of election ”. The objectants charge further that the action of the executors in accepting and relying- *96 upon the “ incomplete and understated inventories * * * and in making no independent inventory, appraisal and valuation thereof constituted gross negligence * * * and resulted in the said Virginia A. Carter performing the duties herein-before mentioned in their default.”
The objection based upon these allegations is addressed to the rejection of the claim by the executors whose motion to dismiss brings before the court the question of its legal sufficiency. The motion is denied. The claimant, whose answer must be assumed on this motion to be true in its statement of facts (Matter of Quant, 187 Misc. 142; Matter of Budd, 267 App. Div. 966), has brought herself squarely within the operation of the rule which is perhaps nowhere more clearly stated than by Mr. Surrogate Wingate in his decision in Matter of Smith (167 Misc. 95, 98) where he said:
“ If the estate fiduciary is derelict in the performance of this duty, it is obviously in the common interest of all who are entitled to share in the distribution of the estate assets that it be performed by another. In • such action, if other than an intermeddling volunteer, the person performing it is obviously acting in the place of the fiduciary and is entitled to pro tanto subrogation to the rights of the fiduciary in respect of compensation of counsel necessary in the process. His legal activity is in a representative rather than in an individual capacity and any recovery made enures not to his personal benefit only but to that of every distributee of the estate assets.”
To like effect see Smith v. Johnson (200 App. Div. 811); Matter of Lounsberry (226 App. Div. 291); Matter of Rosenberg (147 Misc. 517, affd. 241 App. Div. 601, affd. 265 N. Y. 521); Matter of Hirsch (154 Misc. 736); Matter of Wadsworth (250 App. Div. 11).
It will be seen that the claimant asserts that as a result of her efforts, the estate as a whole benefited inasmuch as the withdrawal of the notice of election, for which she claims she was responsible, is said to have saved the four residuary trusts set up for the benefit of persons other than the widow from abatement. To the extent that the objectant succeeds upon the trial of the issue in proving the truth of this assertion, she will have satisfied the test of the authorities and again reference may be made to the opinion in the Smith case (167 Misc. 95, 97-98 supra) where that test was described.
“ As was pointed out in the Hirsch case, the only proper test of ‘ benefit ’ in this connection is whether or not the distributees of the estate, in their capacities as such, have become entitled *97 to receive from the assets of the estate, when distributed in the ordinary process of orderly administration, greater sums than those which they would have received, had the efforts of the applicant not been expended. To state the matter equivalently, the question for solution is: have the services of the applicant contributed to the entry of a decree directing or approving payment to the beneficiaries from the assets of the estate of sums greater than would have been the case had such services not been rendered? ”
It will be seen from the foregoing that the second objection, whatever its outcome may be on the trial, is not defeasible on this motion and the pleading is accordingly sustained.
Objections third and fourth, dealing with income payments to two of the beneficiaries in amounts said to be excessive clearly create triable issues and the motion to dismiss addressed to these objections is denied. Objection fifth simply restates objection second and is dismissed. Objection sixth, addressed to the petitioner’s prayer for advice and directions and dealing with the question as to when the withdrawal of the notice of election should be held to have taken effect is sustained. Objection seventh, referring to the computation of commissions to which the petitioners claim they are entitled, is properly pleaded and is upheld though the court will of course be required to recompute and base its allowance of commissions on the state of facts existent as a result of the decision reached after trial of the issues.
The court cannot on this motion dispose of the question presented in the petition to fix the time when the withdrawal of the notice of election became effective for that is a matter which is formulated for trial by Carter objection sixth.
Submit order on notice in accordance with the foregoing.