S. Samuel Di Falco, S.
This is a proceeding for the settlement of the account of the executors. Virginia A. Carter, a daughter of the decedent and one of the five residuary legatees named in the will, filed objections to the rejection of her claim in the sum of $24,000 for services allegedly rendered to the estate which she asserts were occasioned by the default of the executors. A motion made by the executors to dismiss the claim for legal insufficiency was denied by this court in a decision affirmed on this point in both the Appellate Division and the Court of Appeals (Matter of Allan, 5 Misc 2d 92, mod. 5 A D 2d 453, affd. 5 N Y 2d 333). The issue tendered in the objection has now been tried and upon all of the testimony adduced at the hearing the court holds that the claim must be dismissed for failure of proof.
In substance it is the position of the objectant that the executors negligently accepted valuations of the decedent’s Maryland farm properties supplied to them by the widow who was the beneficiary of a trust consisting of 20% of the residuary estate. Following their qualification, income was distributed to the widow in accordance with the proportions fixed in the will until the service on April 12, 1954 of a valid notice of election by the surviving spouse to take against the will. From that time on the income paid to the widow was based upon her right to her intestate share of the estate. (Decedent Estate Law, § 18.) Such was the practice followed until June 10, 1955 when the widow filed with the executors an instrument purportedly withdrawing her previous notice of election. The validity of this instrument, its effectiveness and the propriety of its service have been upheld in the decisions previously cited (Matter of Allan, supra). It is the position of the claimant that the withdrawal of the notice of election was brought about by her efforts alone and that the other beneficiaries of the estate benefited as *847 a result in the aggregate sum of $241,000. It is for these services that she seeks compensation.
Giving the claimant the benefit of every doubt the proof is naked of evidence to support the claim that the withdrawal of the notice of election was based in any way upon the action taken by the objectant. Briefly she contends that the widow, either of her own volition or by the persuasion of the other beneficiaries, originally elected to take against the will so that the estate would obtain the benefit of a marital deduction, her action in so doing being coupled with an agreement that she would transfer to the other beneficiaries the amount by which her intestate share exceeded her bequest under the will. The claimant contends that the computation of the intestate share was based upon property valuations which the widow herself supplied to the executors and which were, in the opinion of the claimant, grossly understated. The claimant testified that upon learning of the existence of the condition of which she complains she undertook to supply valuations of the decedent’s Maryland farm and dairy herd. She argues that as a result of her efforts the withdrawal of the notice of election was effected with what she claims to have been a saving of $241,000 to the estate as previously described.
The arguments of the claimant are vigorously disputed by the executors who state that her efforts in obtaining revaluations are greatly exaggerated and that the corrections of which she speaks are all reflected in the records of the estate as between the original appraisal prices and the proceeds of subsequent sales of the property and the livestock. Be that as it may the record is barren of any proof whatsoever that the withdrawal of her election by the widow was motivated by the action taken by the claimant. That the withdrawal followed the investigation undertaken by the objectant does not compel the court to draw any inference that it resulted from that cause. The widow may have had any number of reasons for her action but certainly there is nothing in the record hinting as to what they were. On this basis the court therefore must dismiss the objections of Virginia A. Carter for the reason that she has failed to show that the saving she claims to have brought about for the residuary legatees resulted from her individual efforts.
A further question is presented as to the allocation of the income paid to the widow during the period when her notice of election was in effect. During that time the executors paid her income on the basis of a one-third interest in the estate rather than on the .basis of her 20% interest under the will. The excess *848 so paid amounted to some $17,000 over what she would have been entitled to receive had payments been made in the proportions fixed in the will. The question arises as to whether her revocation of her notice of election speaks from the date of the death of the testator and if so whether the excess income must be returned to this estate by her executors. It is well established that a notice of election speaks as of the date of death (Matter of Matthews, 255 App. Div. 80, 82, affd. 279 N. Y. 732; Matter of Bommer, 159 Misc. 511; Steuer v. Hector’s Tavern, 1 Misc 2d 614, revd. on other grounds 1 A D 2d 1003). Having expressly renounced her right to take against the will by the second instrument she filed, the widow restored the situation to status quo. The income which she received in excess of her residuary interest of 20% must therefore be returned to the estate for distribution among all of the income interests. If the same result could be accomplished by charging her estate’s interest in and to subsequent income receipts not yet distributed, this alternative may be adopted. Her action in rescinding her election to take against the will was totally effective so that it could almost be said that the right was never exercised. Consequently she is entitled to none of the benefits that she would have enjoyed had she allowed her original election to remain unchanged. It is so held.
The court overrules the objections addressed to the claim of the executor for reimbursement in the sum of $5,346.35 in payment for services rendered by a prior investigator. The personal claim of the corporate executor in the sum of $44.61 is allowed. Submit intermediate decree embodying the rulings herein made and file affidavit amending the account accordingly.