John D. Bennett, S.
This is a proceeding pursuant to section 231-a of the Surrogate’s Court Act to fix the fee of Joseph D. Di Napoli, Esq., for services rendered to the estate in connection with the contested probate.
The contest resulted in a directed verdict in favor of the will, but a verdict by the jury that the decedent lacked testamentary capacity as to the codicil.
Mr. Di Napoli’s clients are named as beneficiaries in the codicil and are apparently taking an appeal from the adverse determination.
*1006 Mr. Di Napoli argues in Ms papers that the failure of the executor named in the will to appeal from the adverse determination with regard to the codicil is proof that the executor was not concerned with the interests of his clients.
Of course it is well settled that in the event a fiduciary should be derelict or remiss in his duty, such as a failure to properly prosecute contested matters, another performing the required services is entitled to be compensated from the estate (Matter of Allan, 5 Misc 2d 92, mod. on other grounds 5 A D 2d 453, affd. 5 N Y 2d 333). That is, however, not the situation here. It would be unfair to conclude that the proponent and his attorneys were not concerned over the admission of the codicil to probate merely because they have failed to take an appeal.
The petitioner here has not demonstrated that he has benefited the estate in any way and an allowance for him from the estate is consequently unwarranted.
The petition is accordingly dismissed without prejudice to any rights the petitioner may have against his clients personally.