■ Tziporah Spear et al., Respondents-Appellants, v Guardian Life Insurance Company of America, Appellant-Respondent.—Order, Supreme Court, New York County (Stanley Ostrau, J.), entered February 4, 1985, which, *inter alia:* (1) granted the motion of plaintiffs for a declaratory judgment and declared that the instant insurance coverage for plaintiff Arthur Spear may not be terminated as a consequence of his eligibility for, or receipt of Medicare benefits; (2) denied the motion of plaintiffs to dismiss defendant's counterclaims for failure to state a cause of action; and (3) denied the cross motion of defendant for summary judgment, is unanimously modified, on the law, to the extent of granting the motion of plaintiffs to dismiss the first, second, third, fourth, and eighth counterclaims, and otherwise affirmed, without costs.

Order of the same court and Justice, entered the same date, which granted the motion of defendant for reargument, and upon reargument, adhered to the original decision, is also unanimously modified, on the law and the facts, to the extent of granting the motion of plaintiffs to dismiss the first, second, third, fourth and eighth counterclaims, and otherwise affirmed, without costs.

During 1980, the President of Isra-Art Productions, Inc. (Isra-Art), located at 157 West 57th Street, New York County, decided to obtain insurance that would fully protect Isra-Art's employees from any catastrophic illness. Pursuant to that corporate decision, Isra-Art entered into an agreement with defendant the Guardian Life Insurance Company of America, whereby defendant issued such group insurance. The subject policy became effective on or about November 14, 1980, and it provided accidental death and dismemberment insurance, and major medical expense insurance to full-time Isra-Art employees and their eligible dependents.

Thereafter, plaintiff Tziporah Spear (Mrs. Spear), as an

allegedly eligible employee of Isra-Art, submitted an application, dated December 12, 1980, for this group insurance on behalf of herself, her three infant children, and her husband, plaintiff Arthur Spear (Mr. Spear). Defendant accepted that application, and issued, effective December 15, 1980, the requested coverage to Mrs. Spear and to the specified members of her family.

Moreover, on December 15, 1980, Mr. Spear sustained a spinal cord injury in an automobile accident, which left him paralyzed from the neck down. Between the date of that accident and October 1982, defendant reimbursed Mr. Spear for all of his covered expenses, as a dependent under the policy, in the amount of approximately $300,000.

By letter, dated October 22, 1982, defendant, in substance, informed Mrs. Spear that they intended to terminate Mr. Spear's coverage on May 31, 1983, as a consequence of his becoming eligible for Medicare benefits on June 1, 1983. Defendant based this termination of coverage upon a policy provision that provides that coverage of a dependent, like Mr. Spear, terminated on the day before such dependent became eligible for Medicare.

Even though Mr. Spear was not yet 65 years of age, it is not in dispute that he became eligible for Medicare on the date mentioned (supra), pursuant to the Federal Social Security Act (42 USC § 1395c), since he was totally disabled and was a recipient of Social Security disability benefits for 24 months.

In response to the defendant's contention about the Medicare termination provision, plaintiffs argued that the intent of the parties to the subject policy was that termination, due to Medicare eligibility, only occurred when a dependent reached the age of 65, and not when, as herein, such eligibility resulted from disability. To support their position that Medicare eligibility did not automatically terminate coverage, the plaintiffs pointed out that, in addition to the provision mentioned (supra), there was another policy provision that provided that coverage continued and that Medicare payments were deducted from the coverage provided by the defendant.

Subsequent to defendant's October 22 letter, discussed (supra), in May 1983, plaintiffs commenced the instant action against defendant. This action sought both a declaratory judgment that Mr. Spear's coverage was not terminable when he became eligible for Medicare benefits, and a permanent injunction enjoining defendant from terminating benefits upon that basis. Defendant's amended answer included eight coun-

terclaims, which alleged fraud and misrepresentations in connection with Mrs. Spear's application for coverage, and sought the recovery of certain benefits that had been paid to the plaintiffs.

After this joinder of issue, plaintiffs moved for, *inter alia,* (1) a declaratory judgment that insurance coverage for Mr. Spear could not be terminated as a consequence of his eligibility for Medicare, (2) dismissal of defendant's counterclaims for failure to state a cause of action, upon the basis of the incontestability clause contained in the policy, and (3) for a permanent injunction enjoining defendant from terminating the plaintiffs' insurance coverage as a consequence of any event occurring more than two years prior to the date of the motion; and, defendant cross-moved for summary judgment declaring that insurance coverage for Mr. Spear terminated on May 31, 1983.

Special Term found that the failure of the subject policy to explain the contradictory provisions, mentioned (*supra*), which treated Medicare benefits as a deductible and as a reason to terminate coverage, led it to resolve the issue regarding the termination of Mr. Spear's coverage, based upon Medicare eligibility, in favor of the insured. It is hornbook law "that ambiguities in an insurance policy must be construed against the insurer" (*Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361). Therefore, Special Term granted the motion of plaintiffs for a declaratory judgment and declared that Mr. Spear's coverage could not be terminated as a consequence of his eligibility or receipt of Medicare benefits; and, denied defendant's motion for summary judgment. Furthermore, Special Term, *inter alia,* denied the motion of plaintiffs to dismiss the counterclaims.

Since we hold that the incontestability clause bars some of the counterclaims, we find that Special Term erred in denying in its entirety the motion to dismiss them.

Accident and sickness policies are required by the Insurance Law § 164 (3) (A) (2), to have a provision stating that the policy is incontestable after it has been in effect for two years. In accordance with this statute, the subject policy contains the following provision: "INCONTESTABILITY. THIS POLICY shall be incontestable after two years from its date of issue except for non-payment of premiums."

Examination of "the legislative history of the incontestable clause shows it is designed to encourage insurance buyers to purchase insurance with confidence that after the contestable period has passed they are assured of receiving benefits if they

are disabled" (*Fischer v Massachusetts Cas. Ins. Co.*, 458 F Supp 939, 944 [Dist Ct, NY]).

The first three counterclaims alleged that Mrs. Spear made false representations in the application, and, as a result of those alleged misrepresentations, these counterclaims seek reformation of the policy commencement date as well as the recovery of $31,000 in benefits that had been paid. We find that these counterclaims, which were asserted more than two years after the issuance of the policy, are barred by the incontestable clause ,since their actual intent is not reformation, but rather it is to destroy the policy through the recovery of already paid benefits (*Radway v United Benefit Life Ins. Co.*, 1 AD2d 1003 [1st Dept]; and 1A Appleman, Insurance Law and Practice § 311, at 318-319).

Furthermore, the fourth counterclaim alleged that the policy was void *ab initio* because the application was allegedly fraudulently made after Mr. Spear's injury and failed to disclose that injury. We find that this counterclaim violates the incontestable clause, contained in the instant policy, set forth (*supra*), which provided that the policy should be incontestable, for whatever reason, "except for non-payment of premiums", two years after the date of issue. In view of the fact that the date on which this counterclaim was asserted is more than two years after the date that the policy was issued, we hold that "[u]nder the language of the policy as regards incontestability * * * the * * * [counterclaim is] time barred (*Simpson v. Phoenix Mut. Life Ins. Co.*, 24 NY 2d 262)" (*Atlantic N. Y. Corp. v United States Life Ins. Co.*, 37 AD2d 527, 528 [1st Dept], *affd* 30 NY2d 970).

Finally, the eighth counterclaim, on the basis of Mrs. Spear's alleged misrepresentations in her application for this policy, sought to offset all benefits already paid against any future liability, pursuant to CPLR 203 (c). In pertinent part, this provision of the CPLR provides that, if a counterclaim arises out of the same transaction as a claim asserted in the complaint, it is maintainable, to the extent of the demand in the complaint, although an independent action would be time barred. We hold that this counterclaim is violative of the incontestable clause since CPLR 203 (c) is inapplicable for the following reasons: (a) this CPLR provision has not been applied by any New York appellate court to extend the time limitation of the incontestable clause beyond the two-year period set forth in the Insurance Law; and (b) the instant counterclaim does not arise out of the same transaction as the main claim in the complaint, since the counterclaim deals

with the alleged fraud of Mrs. Spear, while the complaint sought a declaratory judgment as to defendant's right to terminate Mr. Spear's coverage, based upon his Medicare eligibility.

As to the fifth, sixth and seventh counterclaims, the defendant contends that Mrs. Spear was not an eligible employee at the time that she made the application. Ordinarily, the defendant would be precluded from asserting those counterclaims in the instant case by the incontestability clause (*Simpson v Phoenix Mut. Life Ins. Co.,* 24 NY2d 262). However, herein a different situation is presented, since defendant alleges that during its investigation false information was provided to it by Mrs. Spear and/or those acting on her behalf to prevent defendant from commencing an action to rescind coverage within the applicable time period under the incontestable clause. Therefore, Special Term found that "a question of fact is presented as to whether plaintiffs should be estopped from reliance upon the incontestable clause in regard to these counterclaims." We agree.

Accordingly, we grant the motion of plaintiffs to dismiss the first, second, third, fourth and eighth counterclaims.

Concur—Kupferman, J. P., Ross, Carro, Fein and Lynch, JJ.