■ CELESTE ROVELLO et al., Appellants, v DONALD S. KLEIN et al., Defendants, and MARTIN SKLAR et al., Respondents. [775 NYS2d 899]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 20, 2002, as granted the cross motion of the defendants Martin Sklar, Betsy & Adam, Ltd., and Betsy & Adam Sales, Inc., to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the judicial settlement of the estate of the plaintiffs' decedent, Jack Rovello, the plaintiffs allegedly discovered that the respondents Martin Sklar, Betsy & Adam, Ltd., and Betsy & Adam Sales, Inc. (hereinafter the respondents), defrauded the estate by concealing certain assets from the defendant George Lambert, the public administrator assigned to administer the estate. The plaintiffs commenced this action against, among others, the respondents, inter alia, to recover damages for fraud. The respondents cross-moved to dismiss the complaint insofar as asserted against them on the grounds of res judicata, collateral estoppel, release, waiver, and documentary evidence. The Supreme Court granted the cross motion on these grounds. We affirm on a different ground.

If there is any right of recovery against the respondents, such right is an asset of the estate and an action may be maintained thereon only by a duly authorized representative of the estate (*see Steuer v Hector's Tavern,* 1 AD2d 1003 [1956]; *Gerber v State Bank,* 167 App Div 263, 266 [1915]; *Nichols v Smith,* 164 App Div 304, 310 [1914]). As it is undisputed that none of the plaintiffs is an authorized representative of the estate, this ac-

tion was properly dismissed insofar as asserted against the respondents.

In light of the foregoing, we need not reach the parties' remaining contentions. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.