GEORGE LAMBERT et al., Appellants, v MARTIN SKLAR et al., Respondents. [817 NYS2d 378]—

In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated June 30, 2005, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the motion which was to dismiss the cause of action to recover damages for fraud, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The appellant George Lambert, the Public Administrator of Westchester County (hereinafter the appellant), is the administrator of the estate of Jack Rovello (hereinafter the estate), who died intestate in 1997. The decedent's former business partner is the respondent Martin Sklar, and together they ran the businesses known as Betsy & Adam Ltd. and Betsy & Adam Sales, Inc. (hereinafter collectively the respondents). On May 23, 1998 the estate settled claims against the respondents for $700,000, an amount which represented the decedent's share of the businesses, and thereafter executed a general release in favor of the respondents. In 1999 the estate was judicially settled by a final decree from the Surrogate's Court.

In August 2001 the decedent's widow commenced an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment in her own name and "in the name of the Estate of Jack Rovello" against, among others, the respondents. The widow alleged, inter alia, that the respondents had fraudulently concealed that they were substantially indebted to the decedent when he died and that they had failed to pay this debt to the estate. The Supreme Court dismissed the action. On appeal, this Court affirmed the dismissal, holding that any right of recovery belonged to the estate, and thus the action could not be maintained by the widow since she was not a duly authorized representative of the estate (*see Rovello v Klein*, 7 AD3d 604 [2004]).

Approximately three months after this Court's decision and order was rendered, the appellant commenced the present action against the respondents, alleging that the respondents had defrauded the estate and owed the decedent almost $2,500,000 at the time of his death. The appellant argued that the action was timely since it was the same lawsuit which had been commenced by the decedent's widow and thus the provisions of CPLR 205 (a) applied. However, the Supreme Court held that CPLR 205 (a) was not applicable to the facts of this case, and granted the respondents' motion to dismiss the action as time-barred. We modify.

CPLR 205 (a) provides as follows: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to

prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrences *within six months after the termination* provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (emphasis added). Under the facts of this case, the fundamental purpose of the statute was served. Even though the widow and the appellant are two different plaintiffs, it is clear that the real party in interest, the estate, was the same in both actions. In addition, it is undisputed that the respondents were given timely notice of the causes of action asserted by or on behalf of the estate by the proper service of the summons and complaint in the widow's action (*see Mendez v Kyung Yoo*, 23 AD3d 354 [2005]; *Freedman v New York Hosp. Med. Ctr. of Queens*, 9 AD3d 415 [2004]). Therefore, the "error" relating to the identity of the named plaintiff in the first action did not bar recommencement of the action pursuant to CPLR 205 (a) (*Carrick v Central Gen. Hosp.*, 51 NY2d 242 [1980]; *George v Mt. Sinai Hosp.*, 47 NY2d 170 [1979]). Accordingly, the appellant's cause of action to recover damages for fraud, which is governed by a six-year statute of limitations (*see* CPLR 213), was not time-barred since this same claim was timely asserted in the prior action.

The Supreme Court properly dismissed the causes of action alleging conversion and unjust enrichment, as they are subject to a three-year statute of limitations (*see* CPLR 214 [3]). As measured from the date of the parties' settlement, a cause of action alleging either conversion or unjust enrichment would have had to have been commenced no later than March 25, 2001. However, the action by the widow was not commenced until August 2001. Therefore, since these causes of action were already time-barred at the time of the commencement of the original action, the provisions of CPLR 205 (a) were not available to resuscitate said claims in the present action.

The respondents' remaining arguments are without merit. Spolzino, J.P., Skelos, Lifson and Covello, JJ., concur.