# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

506

CA 13-01858

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF THE ESTATE OF WILLIAM H.
SEWARD, ALSO KNOWN AS WILLIAM H. SEWARD, III,
DECEASED.

------------------------------------------       MEMORANDUM AND ORDER

RAY S. MESSENGER, PETITIONER-RESPONDENT;

FRED L. EMERSON FOUNDATION, INC., APPELLANT.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR
APPELLANT.

BOYLE & ANDERSON, P.C., AUBURN (ROBERT K. BERGAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Cayuga County
(Thomas G. Leone, A.S.), dated June 28, 2013. The decree denied the
motion of Fred L. Emerson Foundation, Inc., to dismiss the petition
for appointment of an administrator c.t.a. and granted Letters of
Administration c.t.a. to petitioner, limited to enforcement of a
charitable gift under the last will and testament of William H.
Seward, also known as William H. Seward, III.

It is hereby ORDERED that the decree so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the petition is dismissed without prejudice in accordance with the
following Memorandum: William H. Seward, III (decedent) is the
grandson of William H. Seward, a former governor of the State of New
York and the United States Secretary of State during the Civil War.
Decedent devised to appellant, Fred L. Emerson Foundation, Inc.
(Emerson Foundation), the Seward family home in Auburn, and also
bequeathed such of its contents that decedent's wife chose not to
keep. Included in the bequest was a painting by Thomas Cole entitled
"Portage Falls on the Genesee," which was presented to William H.
Seward when he was governor of the State of New York. Decedent's
estate was closed in 1955. With the approval of Surrogate's Court by
decree, the Emerson Foundation transferred ownership of the realty and
its contents, with the exception of the painting, to the Seward House
Museum (museum) in 2008. The Emerson Foundation retained ownership of
the painting, which was displayed at the museum. The decree provides
that the "painting will not be transferred to any person or entity
other than [the museum] without first obtaining leave of the court."
In 2013, the Emerson Foundation's board of directors and the museum's
board of directors determined that it was not practical or prudent to
keep the valuable artwork in the museum, whereupon the painting was

removed from the museum to an undisclosed location and a reproduction was commissioned. This proceeding followed.

Petitioner, the great-great-grandson of William H. Seward and great-nephew of decedent, sought letters of administration c.t.a. in order to commence an action to seek an injunction to prevent the sale or transfer of the painting to any person or entity other than the museum (*see* SCPA 1418 [3]). By order to show cause, the Emerson Foundation sought to intervene in the proceeding and to dismiss the petition. According to the Emerson Foundation, the petition should be dismissed because there are no assets left to be administered inasmuch as the estate has been closed for nearly 60 years and, in any event, the Attorney General is the person charged with enforcing a charitable disposition (*see* EPTL 8-1.1). The Surrogate did not expressly rule on that part of the motion seeking intervention, but denied the motion to dismiss and granted petitioner letters of administration c.t.a., "limited to the enforcement of the terms of the charitable gift under Article Fourth of the Last Will and Testament of William H. Seward [III]," pursuant to SCPA 702 (1). Petitioner concedes that the issue whether he has standing in any proceeding or action involving the disposition of the painting, in either Surrogate's Court or Supreme Court, was not addressed by the Surrogate, and the Attorney General has expressly reserved his right to contest the issue of standing.

Although the Surrogate properly determined that petitioner was eligible for appointment as administrator c.t.a. pursuant to SCPA 1418 (3), because those persons authorized by SCPA 1418 (1) and (2) for appointment either are deceased or have declined to seek letters, we nevertheless conclude that he erred in granting letters of administration c.t.a. to petitioner. It is undisputed that there are no assets of the estate that have not been administered (*see Matter of Moran*, 145 NYS2d 241, 243, *affd* 1 AD2d 1003; *see also Van Giessen v Bridgford*, 83 NY 348, 355). As the Court of Appeals has written, "[t]here may be cases where letters of administration are necessary to be granted for other purposes than the recovery and distribution of assets[,]" including a "claim in respect to them which can be enforced" (*Van Giessen*, 83 NY at 355). Nevertheless, we conclude that any claim with respect to the painting is to be "enforced by the [Attorney General], pursuant to his duty to effectuate the donor's wishes" (*Lefkowitz v Lebensfeld*, 68 AD2d 488, 496, *affd* 51 NY2d 442; *see St. Joseph's Hosp. v Bennett*, 281 NY 115, 119; *see generally Matter of Alaimo*, 288 AD2d 916, 916, *lv denied* 97 NY2d 609), and we conclude that letters of administration c.t.a. are not "necessary" (*Van Giessen*, 83 NY at 355).

We further conclude that limited letters of administration also are not "appropriate or necessary in respect of the affairs of the estate" (SCPA 702 [10]; *cf. Smithers v St. Luke's-Roosevelt Hosp.*, 281 AD2d 127, 134-135). Notably, the Surrogate denied petitioner's request that the letters grant petitioner the authority to commence an action (*cf. Smithers*, 281 AD2d at 134-135). Moreover, the Surrogate has previously prohibited the disposition of the painting without court approval, and there is no basis to conclude that the Attorney General is not properly fulfilling his duty to protect the decedent's

wishes with respect to the bequest to the Emerson Foundation (*cf. id.* at 134; *see generally Lucker v Bayside Cemetery*, 114 AD3d 162, 169). We therefore reverse the decree and grant the motion to dismiss the petition, without prejudice to file a petition seeking appropriate letters in the event that circumstances change and it becomes "appropriate or necessary" for decedent's estate to seek to participate in a proceeding or action regarding the disposition of the painting (SCPA 702 [10]; *see Smithers*, 281 AD2d at 134-135; *see generally Van Giessen*, 83 NY at 355).

Entered: June 13, 2014                    Frances E. Cafarell
                                          Clerk of the Court