SHERMAN v. SKUSE et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

TRUST FUND—SUPPORT OF INEBRIATE—CONSTRUCTION.

     Trustees holding a fund in trust for the "support" of an inebriate are chargeable with payment of a claim against him for necessary medical treatment given him at his request.

Appeal from trial term, Monroe county.

Action by James F. Sherman against Frank Skuse, and James Skuse and others, as trustees, etc., to compel the trustees to account, and pay a judgment against defendant Frank Skuse. There was a judgment dismissing the complaint, and plaintiff appeals. Reversed.

The plaintiff is a physician, and recovered a judgment against the defendant Frank Skuse for medical services. Francis N. Skuse, the father of said defendant, died in 1892, leaving a last will and testament, in and by which he appointed four of his sons executors, and also trustees of certain property to be used for the benefit of the said Frank, who was excessively addicted to the use of intoxicating liquors. The property intrusted to these trustees consisted of both real and personal estate, and the trust was defined as follows: "This said real property, together with the personal property which I shall give to my said trustees hereinafter by the seventh, eleventh, twelfth, and thirteenth clauses of this, my will, shall, by my said trustees, be managed and cared for, and the income thereof, or so much thereof as shall be necessary, they shall use for the support of my son Frank Skuse during his life; and the balance, if any, shall be safely invested by the executors." The trustees were also empowered to convey or to transfer to said son any or all of said property "whenever, in their judgment, it shall be for his interest to control the same." William Skuse, a son of the decedent, was mentally incompetent, and $6,000 was committed to these trustees, the income of which was to provide for the maintenance of this unfortunate, and upon his death this sum was to pass to the sons of the defendant; the trustees of Frank taking the one-fifth, which was his allotment. William Skuse died about four years prior to the commencement of this suit, and the trustees have in their custody the one-fifth part aforesaid, and it is conceded they have in their possession unexpended income held by them as trustees, "applicable to the support and maintenance of the defendant Frank Skuse." An execution was issued upon plaintiff's judgment against Frank Skuse, but it was returned unsatisfied, and he has no individual property to meet this demand, and this suit is brought against the trustees to compel them to account, and to pay the judgment.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Henry M. Hill, for appellant.
W. A. Sutherland, for respondents.

SPRING, J. It is conceded that the services rendered by the plaintiff for the defendant Frank Skuse were proper and necessary. The defendant had been in the habit of indulging in periodic sprees, and after each debauch he collapsed, and the treatment was administered in the endeavor to brace him up and to restore him to some degree of vigor, mentally as well as physically. A bill for services of this precise kind was paid in 1895 by the trustees, and the claim represented by the judgment is for professional treatment since that time. The defendant has resided the major portion of the time with his brother Richard, one of the defending trustees, and a part of the services was rendered at the house of Richard, and some at the office of plaintiff. When plaintiff was summoned to attend the defendant at the house of Richard, quite frequently one of the children of the latter went for him. Richard knew of the attendance that was being bestowed upon his brother, and often inquired of the plaintiff as to the condition of Frank. There is no pretense that the claim presented is excessive, and merely a hint, unsupported by any evidence, that the attention was improvident. The claim is that

under the will the trustees alone are empowered to provide for their brother. That contention, as a general proposition, is correct. They are intrusted with the management and disposition of the fund, and are expected to deal with the cestui que trust, or are to determine what expenditures shall be made. But where the demand is for necessaries, and within the strict definition of that term, and according to the station of the person for whom furnished, the strict rule is relaxed. If Frank Skuse should break his arm, he would not be obliged to wait until the trustees formally engaged a physician to attend him. If he is in immediate need of clothing for his bodily comfort, he can purchase to meet that need, and the trustees must satisfy the demand out of the income set apart for his support. There is no restriction in the will upon Frank. He can live where he chooses, and purchase what is required to meet his necessities, as long as the debts incurred are obviously within that category, and within the compass of the income to be expended for his benefit. That principle is akin to the doctrine that, when an obligation rests on one to support and maintain another without designation of place, the beneficiary may select his abiding place if the choice made is reasonable. McArthur v. Gordon, 126 N. Y. 597, 27 N. E. 1033, 12 L. R. A. 667. Where a ward's estate is adequate to pay for his necessaries, the creditors representing demands of that character can obtain satisfaction of their claims out of the funds in the custody of the guardian. Schouler, Dom. Rel. § 337. While the property is intrusted to the trustees, yet the income is for the maintenance of Frank. The father was prompted to embody this provision in his will, to make certain the care and support of his dependent son. That was the testator's object. To put it in concrete form, he left the management and control of the property to these trustees, but that does not absolve them from paying a demand created by the son, and confessedly a necessity. To pay a debt of that kind is in harmony with the purpose of the testator. The general rule is not impaired by this construction. It is merely bent to meet the emergency. It has been held that an action may be maintained by an ordinary judgment creditor to reach the assets of a cestui que trust where the primary purpose of the charge is to provide for the support of the beneficiary. That action lies where there is more than sufficient of the income to meet the main purpose of the trust, and such excess also belongs to the person benefited by the provision for support. Williams v. Thorn, 70 N. Y. 270; Howard v. Leonard, 3 App. Div. 277, 38 N. Y. Supp. 363. The fact that the trustees are to determine what are the needs of the beneficial owner forms no embarrassment to the action. The station in life of such person, his exigencies, and the situation of his dependents, and the amount of the income, are all matters demonstrable by proof for the purpose of establishing that a surplus will remain after the beneficiary has been awarded the most generous allowance out of the trust fund. The action is based upon the assumption that the entire income belongs to the cestui que trust, and, after the chief object which induced the testator to make the provision for him has been fully subserved, that the residue

should be available for the debts he has voluntarily contracted. The trustees cannot defeat the action by asserting they design to carry out the power given them by using the entire income in providing for the beneficiary. This rule simply injects common honesty into the execution of the trust. In the present case the income is to meet the necessities of the son, and the debt sought to be impressed upon it is of that class. If the trustees should pay the obligation, they would be clearly using the money "for the support of Frank." Their discretion is not to be exercised arbitrarily, but fairly and reasonably, and is subordinate to the chief aim of the testator to provide suitably for his erring son. It is not counter to the will of testator to require that the residue, after the maintenance of the cestui que trust has been liberally met, should be chargeable with his general debts. Likewise to pay a debt for the son to supply an urgent need is not in derogation of the trust or of the power vested in the trustees. Beyond this, the employment was rendered with the knowledge and acquiescence of the trustee Richard. He did not urge the retention of any other physician, and did not question plaintiff's skill and efficiency. The practical construction given to their authority by these trustees has been in recognition of the legality of the services of plaintiff. They cannot pay one demand, and then repudiate another, which is a continuation of the same charge.

The judgment should be reversed, with costs payable out of the fund. All concur.

