.and misdemeanors. No argument is needed to support so plain a .proposition. We are not impressed with the argument of the learned ·counsel that a modified effort to enforce the laws is sufficient in any case, or that police officers have any discretion in the premises. The ·crime of which Lena Schmitt was guilty was not a technical offense; it required no spying to discover it. It was flagrant, open, notorious, .a public defiance of the police, and all the effective machinery for punishment at their command. Obviously, this was not a case for regulation, but a crime for suppression.

6. The exceptions to the rulings of the learned court taken at the ·trial, respecting the admission of evidence, present no reversible error. The single exception urged upon defendant's brief to a ruling of the court admitting in evidence the weekly reports of the defendant, stating, in effect, that No. 27 Stuyvesant street, kept by Lena Schmitt, was not a: house of prostitution, had a direct bearing upon the question of the willfulness of the defendant in failing to discharge his duty, and was by the court limited to that purpose. The exception to the language used by the district attorney in summing up does not appear to present any fatal error. And, for all the reasons stated, the motions for a new trial and arrest of judgment were properly denied.

The judgment of conviction should be affirmed. All concur.

---

(72 App. Div. 211.)

### In re BAKER.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

.1. ADMINISTRATORS—COMMISSIONS—CULPABLE NEGLIGENCE.

    The failure of an administratrix to bring an action to obtain possession of a note, which, during the lifetime of the intestate, passed into the hands of the maker, is not such culpable negligence as will deprive her of the commissions provided by law, especially where she is charged with the principal and interest of such note.

2. SAME—ACCOUNTING—CREDITS.

    A payment by the maker of a note to a third person, made at the request of the holder, is a payment on the note, entitling the holder's administratrix to a credit therefor, together with interest thereon.

Appeal from surrogate's court, Washington county.

In the matter of the settlement of the final accounts of Frances Baker as administratrix of the estate of Elizabeth Wilbur, deceased. From a decree of the surrogate, the administratrix appeals. Modified.

See 57 N. Y. Supp. 398; 59 N. Y. Supp. 121.

Argued before PARKER, P. J., and KELLOGG, SMITH, ·CHASE, and FURSMAN, JJ.

Van Ness & Curry (C. H. Sturgess, of counsel), for appellant. James C. Rogers, for contestants.

PER CURIAM. We think the learned surrogate erred in adjudg-:ing that the administratrix was not entitled to the commissions al-'lowed by law. The record does not disclose such gross negligence or ·unfaithfulness in the discharge of duties as to warrant punishment of

this character. The negligence charged relates to her failure to obtain possession of a note which had passed from the possession of the deceased in her lifetime into the hands of the maker of the note. This question of how to proceed under the circumstances, or whether to involve the estate in litigation over the matter at all, was not so clear as to make it gross, culpable negligence not to bring an action. The surrogate has charged her with the principal and interest of this note, and the estate has lost nothing by reason of her hesitancy in entering upon litigation. The estate has been so saved the peril of such an action, and all question as to the responsibility of the maker of the note. Under such circumstances we can see at most only a mistake in judgment on the part of the administratrix. She should be allowed the usual commissions.

The surrogate also omitted to credit as paid on the note $65, which the maker of the note paid to Miss Button. There is no dispute about this payment. This was made apparently at the request of the deceased, and should be allowed as a payment on the note, and the amount charged to the administratrix on account of this note should be reduced by that sum and interest from the date of death of the intestate.

The decree is modified by the allowance of commissions and the said payment of $65 and interest, and, as so modified, affirmed, with costs to appellant from the estate. The surrogate of Washington county is directed to so modify the decree of record in the surrogate's court, and, after allowance of costs of the appeal, the commissions, and said payment, to reapportion the amount to be distributed in conformity with such modification.

---

(37 Misc. Rep. 532.)

### In re FAY'S ESTATE.

(Surrogate's Court, Kings County. March, 1902.)

TRANSFER TAX—EXEMPTIONS.

     A Young Men's Christian Association organized under a special act for the improvement of the moral and spiritual condition of the young men of the city, and for the improvement of their intellectual, physical, and social condition, by means appropriate to the spirit of the gospel, is not a religious corporation, within the meaning of Tax Law (Laws 1896, c. 908) § 221, so that a bequest thereto is not exempt from the transfer tax, as the primary object of its organization was not to exercise ecclesiastical control over its members.

In the matter of the appraisal of the estate of Henry G. Fay, deceased. From a decree confirming the report of the appraiser, the Brooklyn Young Men's Christian Association appeals. Appeal denied.

Lyon & Smith, for Brooklyn Y. M. C. A.
Wm. O. Campbell, for comptroller of the state of New York.

CHURCH, S. By the will of the deceased a bequest of $10,000 was made to the Brooklyn Young Men's Christian Association. The appraiser made an order herein fixing a tax of $500 on such