In the Matter of the Accounting of HAL R. WEST et al., as Trustees under the Will of LIZABETH K. BUDD, Deceased. EDITH J. WHITEHEAD, Appellant; HAL R. WEST et al., as Trustees, et al., Respondents.— Order of the Surrogate's Court, Dutchess County, dismissing Edith J. Whitehead's claim and her objections to the account of the trustees herein, reversed on the law and the matter remitted to the Surrogate's Court for disposition, with costs to the appellant, payable out of the estate, to abide the event. The truth of the allegations of the objections must be accepted upon a motion to dismiss for insufficiency. Although the factual allegations are meagre, they are sufficient to bring the claim within the principle of Sherman v. Skuse (166 N. Y. 345). Close, P. J., Johnston, Adel and Lewis, JJ., concur; Hagarty, J., dissents and votes to affirm with the following memorandum: The decedent created a trust fund, the net income of which fund was to be applied by the trustees for the maintenance of a designated beneficiary, and if insufficient, so much of the principal thereof as, in the discretion of the trustees, might be necessary to make up the deficiency. Upon the death of the beneficiary, no part of the income remained in the hands

of the trustees, and part of the principal had been used to supply the deficiency. These facts differentiate this case from *Sherman* v. *Skuse* (166 N. Y. 345) where it was held that the income of a testamentary trust fund, which was to be applied to the support of the beneficiary, to the extent of the amount remaining unexpended in the hands of the trustees, was applicable to the payment of a judgment (*Sherman* v. *Skuse,* 45 App. Div. 335) procured against the beneficiary for necessary medical services not furnished by the trustees. [See 268 App. Div. 795.]