In the Matter of the Accounting of LILLIAN S. QUANT, as Administratrix of the Estate of JACOB QUANT, Deceased.

Surrogate's Court, Monroe County, March 25, 1946.

*Joseph Kaufman,* for Lillian S. Quant, as administratrix.

*Jacob Gitelman* for objectors.

WITMER, S. On this accounting proceeding, four daughters of decedent have filed objections to the accounting of the administratrix, who is their stepmother. The principal objection, and the only one herein considered, is that the administratrix has failed to charge herself with $2,500 and accrued interest, being the amount of a bond and mortgage which she executed and delivered to the decedent on or about November 11, 1931, prior to her marriage to him on April 14, 1932. The administratrix has moved for an order dismissing such objection as a matter of law, based upon an affidavit by herself supporting the notice of motion. The objectors' attorney has submitted his own affidavit in opposition to the motion. The bond and mortgage were placed in evidence by the parties, argument was had, and memoranda have been filed.

Upon the argument objectors' attorney objected to the consideration of the facts contained in the administratrix' affidavit, as being personal transactions between herself and the decedent and, therefore, incompetent under section 347 of the Civil Practice Act. In the affidavit the administratrix claims that the bond and mortgage were given to her as an antenuptial settlement in March, 1932, and that anyway the obligation is barred by the Statute of Limitations, since she never paid anything on it, either of interest or principal. Those statements are not

refuted by the objectors, and were it not for section 347 of the Civil Practice Act they would on this motion be accepted as the true facts. But consideration of the facts in said affidavit cannot be given, for the reason advanced by the objectors.

However, the bond and mortgage are in evidence, and the objections as amended contain other facts which must be assumed to be true on this motion. (*Matter of Budd,* 267 App. Div. 966.) No payment of principal or interest has been indorsed on the bond or mortgage and the objections allege that interest is due on the bond and mortgage from January 1, 1938. It must, therefore, be assumed on this motion that no interest has been paid on the bond and mortgage since January 1, 1938. The statements of fact in the affidavit of objectors' counsel, Jacob Gitelman, sworn to March 18, 1946, relate to proceedings had before this court and are accepted as true insofar as they are in accord with the records of this court in this matter.

The decedent died December 31, 1943. In May, 1944, Irene Perrin, one of the objectors, petitioned this court to be appointed administratrix. The widow successfully opposed the application, the Surrogate ruling that the widow had prior right thereto. However, the widow did not then proceed to qualify and be appointed. In January, 1945, said Irene Perrin brought on a motion to compel the widow to file a bond and qualify as administratrix pursuant to the court's direction of May, 1944, or for the appointment of said Irene Perrin as administratrix. Thereafter on February 16, 1945, the widow filed said bond and was appointed administratrix herein, upon the said petition of May 5, 1944. In September, 1945, Anna C. Gordon, another of the objectors, began a proceeding to compel the administratrix to account. The matter was adjourned and subsequently the administratrix on January 8, 1946, filed her petition for judicial settlement and account herein.

The administratrix' claim that she need not account in respect to the bond and mortgage because the Statute of Limitations has run thereon must fail. Under section 47-a of the Civil Practice Act, effective September 1, 1938, the time within which an action might be commenced on the bond and mortgage was limited to six years, to wit, September 1, 1944. The decedent having died December 31, 1943, section 20 of the Civil Practice Act became applicable. This gave the representative of the estate until December 31, 1944, in which to commence action on the bond and mortgage. However, no representative was appointed within that time. Because of the special facts in this case, the cause of action is not barred.

There is no doubt that had the widow been appointed administratrix herein within a year after the death of the decedent, that is prior to December 31, 1944, the Statute of Limitations would not be a defense to her, because the statute does not run in favor of a trustee as against his *cestui que trust.* (*Matter of Schorer,* 154 Misc. 198, affd. 248 App. Div. 666, affd. 272 N. Y. 247; *Matter of Allmann,* 228 N. Y. 512, affg. 188 App. Div. 998; *Bailey* v. *Buffalo L., T. & S. D. Co.,* 213 N. Y. 525; *Matter of Wilbur,* 27 Misc. 126, mod. *sub nom. Matter of Baker,* 72 App. Div. 211, affd. 172 N. Y. 617; *Matter of Camp,* 126 N. Y. 377; *Mitchell* v. *Mitchell,* 170 App. Div. 452; *Matter of Taylor,* 153 Misc. 673; *Matter of Brown,* 129 Misc. 293; *Matter of Davis,* 37 Misc. 326; and see Wait on New York Practice [4th ed.], p. 111.)

The statute (Civ. Prac. Act, § 20) provides that the action must be commenced within one year after decedent's death, if there is less than one year remaining at the time of death. A proceeding was instituted in this court in May, 1944, for the appointment of an administratrix, which appointment, if then made, would have enabled the legal representative to bring suit on the bond and mortgage in due time. If the widow had not opposed that application, the objector, Irene Perrin, would have been appointed and could have proceeded. Because of the opposition, however, the Surrogate correctly ruled that the widow was entitled to letters of administration. From that moment she stood in a position of quasi trust with respect to the estate. Thereafter the widow delayed and failed to qualify until the subsequent motion by the objector, Irene Perrin, requiring the widow to qualify or that the objector be appointed. When finally in February, 1945, more than a year after the death of decedent, the widow was appointed, the order of appointment was expressly based upon the petition of May, 1944.

The bringing of a proceeding has the same effect as the institution of an action, with respect to the Statute of Limitations. (Civ. Prac. Act, § 10.) Since, as shown above, the mere appointment of the administratrix before the expiration of the Statute of Limitations would toll the statute and prevent the estate's claim against her from outlawing, the application in May, 1944, for the appointment of an administratrix herein, which resulted in the appointment of this administratrix, must be held to have stopped the running of the statute. Accordingly the administratrix cannot stand on the Statute of Limitations as a defense to the said objection, but must establish her claim of gift by competent evidence, or account for the said bond and mortgage. (*Matter of Greenberg,* 158 Misc. 446.)

Settle order on two days' notice in accordance herewith.