■ HERMAN FRIEDMAN et al., Appellants, v BOARD OF EDUCATION OF EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent. [686 NYS2d 84] —In an action for a judgment declaring that Local Finance Law § 11.00 (a) (12) violates NY Constitution, article VIII, § 2, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 19, 1997, which, *inter alia*, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment declaring that Local Finance Law § 11.00 (a) (12) does not violate NY Constitution, article VIII, § 2.

The plaintiffs, residents of the East Ramapo Central School District, challenge a bond proposal by the defendant Board of Education of that district, claiming that Local Finance Law § 11.00 (a) (12) (b), upon which the Board relied, violates NY Constitution, article VIII, § 2. The gravamen of the plaintiffs' constitutional challenge is that in its bond proposal, the Board

included computers as "equipment" in renovated buildings pursuant to Local Finance Law § 11.00 (a) (12) (b), thus assigning them a 20-year period of probable usefulness, notwithstanding separate statutory provisions which prescribe a 10-year period to various types of computer systems (*see, e.g.,* Local Finance Law § 11.00 [a] [53-a], [81], [82], [88]). However, these provisions apply to entire computer systems not necessarily installed as part of a building renovation. They do not preclude the inclusion of computers as "equipment" within a renovated school building pursuant to Local Finance Law § 11.00 (a) (12) (b) (*see,* 1986 Opns St Comp 86-3). Furthermore, NY Constitution, article VIII, § 2 authorizes the State Legislature to prescribe periods of probable usefulness, and specifically provides that the determination of the Legislature of a period of probable usefulness is conclusive.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the Board (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.