■ In the Matter of the Estate of HENRIETTA RODKEN, Deceased. DOROTHY GORDON, Respondent; ARMAND J. ROSENBERG, as Executor of BEATRICE RODKIN, Deceased, Appellant. [705 NYS2d 429] —Crew III, J. Appeal from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered April 23, 1999, which, *inter alia*, denied respondent's motion to dismiss the petition as time barred.

In December 1986, Henrietta Rodken (hereinafter decedent) died intestate and her sister, Beatrice Rodkin, was appointed as the administrator of her estate. Between 1987 and 1993 Rodkin, with the assistance of respondent, her attorney, made various distributions from decedent's estate to petitioner, another surviving sister. In January 1994, petitioner wrote to respondent acknowledging the receipt of certain checks, inquiring as to the status of decedent's estate and requesting a

"complete accounting". No accounting was forthcoming[1] and Rodkin died testate in June 1997.

Thereafter, in July 1998, petitioner commenced the instant proceeding seeking to compel respondent, the executor of Rodkin's estate, to account for the settlement of decedent's estate. Respondent answered and moved to dismiss contending, *inter alia*, that the petition was time barred. Alternatively, respondent sought summary judgment. Surrogate's Court denied respondent's respective motions and ordered respondent to render an accounting within 30 days of entry of the order. This appeal by respondent ensued.[2]

We affirm. Where, as here, a petitioner seeks an accounting from a fiduciary, the proceeding is governed by the six-year Statute of Limitations set forth in CPLR 213 (1) (*see, Matter of Winne*, 232 AD2d 956, 957; *Matter of Behr*, 191 AD2d 431). To that end, it is well settled that "a claim [of this nature] will not be deemed to accrue until there is either an open repudiation of the fiduciary obligation or a judicial settlement of the [fiduciary's] account" (*Matter of Winne, supra*, at 957-958; *see, Matter of Barabash*, 31 NY2d 76, 80; *Westchester Religious Inst. v Kamerman*, 262 AD2d 131; *Matter of Behr, supra*). As the party seeking the benefit of the Statute of Limitations defense, respondent bore the burden of proof on this issue (*see, Hoosac Val. Farmers Exch. v AG Assets*, 168 AD2d 822, 823).

Respondent does not argue, let alone offer proof, that decedent's estate was judicially settled or that Rodkin, as the administrator thereof, openly repudiated her obligations as a fiduciary. Rather, respondent simply asserts that if petitioner questioned Rodkin's administration of decedent's estate, petitioner had an obligation to make inquiry while Rodkin still was alive. Respondent's argument on this point, however, ignores the relevant case law, which makes clear that the mere lapse of time is insufficient to invoke the Statute of Limitations as a defense; there must be an open repudiation (*see, Matter of Barabash, supra*, at 80; *Matter of Behr, supra*). Respondent's failure to tender proof of such repudiation is equally fatal to his claim that this proceeding is barred by laches (*see, Matter of Barabash, supra*, at 82). Accordingly, Surrogate's Court properly declined to dismiss the proceeding and/or grant summary judgment on this basis.

Respondent's remaining contentions, including his challenge

1. Respondent subsequently denied having received the letter.
2. Respondent's application for a stay pending appeal was granted by this Court.

to the validity of the pleadings and the resulting Surrogate's Court order, have been examined and found to be lacking in merit. As a final matter, we decline petitioner's invitation to sanction respondent for frivolous conduct pursuant to 22 NYCRR 130-1.1.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.