■ In the Matter of MAUD S. BAIRD, Deceased. NATIONAL BANK OF STAMFORD, as Trustee of the Estate of MAUD S. BAIRD, Deceased, Appellant; STAMFORD VILLAGE LIBRARY, Respondent.
[871 NYS2d 755]—

Mercure, J. Appeal from an order of the Surrogate's Court of Delaware County (Burns, S.), entered November 21, 2007, which denied petitioner's motion for summary judgment dismissing respondent's objections to the accounting of a trust.

Petitioner is the trustee of a testamentary trust comprising the bulk of the residuary assets of Maud S. Baird (hereinafter decedent), who died in 1984. Decedent's will instructed petitioner to terminate the trust upon the death of the income beneficiary, and distribute the principal in equal shares between the Stamford Hospital Society and respondent. The income beneficiary died in 2003, and petitioner thereafter sought judicial settlement of its account and submitted its final accounting. Respondent objected, alleging that petitioner, in its capacity as trustee, violated its fiduciary obligation by retaining its own stock and investing in its own securities, primarily certificates of deposit. Petitioner thereafter moved for summary judgment. Surrogate's Court denied the motion, prompting this appeal.

We affirm. Petitioner initially contends that all claims arising before November 14, 1999, six years prior to the filing of respondent's objections to the accounting, are time-barred. Although petitioner is correct that a six-year limitations period is applicable, claims alleging a breach of fiduciary duty do not accrue "until there is either an open repudiation of the fiduciary obligation or a judicial settlement of the . . . account" (*Matter of Winne*, 232 AD2d 956, 958 [1996]; *see* CPLR 213 [1]; *Matter of Barabash*, 31 NY2d 76, 80 [1972]). The party asserting the statute of limitations defense bears the burden of proof on the issue (*see Matter of Rodken*, 270 AD2d 784, 785 [2000]). In that regard, petitioner argues that its annual filings of accountings of the trust, submitted to respondent each year beginning in 1989, constituted an open repudiation of its obligations as a fiduciary because the accountings exhibited that the trust held petitioner's stock and invested in petitioner's securities.

In our view, the detailed annual accountings, which included a sworn affirmation by petitioner attesting that it was the trustee of decedent's estate, refute petitioner's argument that it

openly repudiated its obligations as trustee. Accordingly, we agree with Surrogate's Court that petitioner failed to establish that respondent's claims are barred by the statute of limitations (*see Matter of Barabash*, 31 NY2d at 81; *Matter of Meyer*, 303 AD2d 682, 683 [2003]; *Matter of Rodken*, 270 AD2d at 785; *Matter of Behr*, 191 AD2d 431, 432 [1993]). Moreover, the lack of proof of an open repudiation similarly renders unavailing petitioner's argument that all of respondent's claims are barred by the defense of laches (*see Matter of Barabash*, 31 NY2d at 82; *Matter of Rodken*, 270 AD2d at 785).

Finally, petitioner's remaining argument has not been preserved for our review.

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.