■ JOHN M. SUMMERS, Appellant, v CITY OF ROCHESTER et al., Respondents. (Appeal No. 1.) [875 NYS2d 658]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Stephen K. Lindley, J.), entered February 11, 2008 in an action for a declaratory judgment and an injunction. The judgment granted the motion of defendants City of Rochester and Mayor of the City of Rochester for summary judgment and declared that certain agreements did not violate the NY Constitution or any other law and were fully enforceable, and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by dismissing the second amended complaint against defendants City of Rochester and Mayor of the City of Rochester and vacating the declaration and as modified the judgment is affirmed without costs.

Memorandum: In September 2004, a ferry service between Rochester and Toronto that received financing assistance from defendant Export Finance Insurance Corporation (Export Finance) was discontinued because of mounting operating losses. Defendant City of Rochester (City) wished to continue the ferry service and formed Rochester Ferry Company, LLC (RFC) as a limited liability company in order to purchase and operate the ferry. The City was the sole member of RFC. On February 24, 2005, RFC borrowed $40 million from Export Finance to purchase and operate the ferry, and the City entered into a guarantee and indemnity agreement (guarantee agreement) with Export Finance to guarantee the loan to RFC. The ferry was purchased by RFC at an auction on February 28, 2005 for $32 million, and the City took a mortgage on the ferry to secure payment of RFC's loan. Less than a year later, on January 10, 2006, the newly-elected defendant Mayor of the City terminated the operations of the ferry service, again because of mounting operating losses. On May 4, 2006, the City Council adopted ordinances pursuant to which the City assumed RFC's debt and dissolved RFC. The City executed a deed of novation, amendment and restatement (assumption agreement) on June 30, 2006 in which it assumed RFC's debt to Export Finance. The City sold the ferry for $30 million on April 19, 2007, with a balance of $19.4 million owed to Export Finance.

Plaintiff, an owner of real property in the City, was originally a vocal proponent of the City's operation of the ferry. Nevertheless, he commenced this action in August 2007 alleging that the City's actions were illegal. In his second amended complaint, plaintiff alleged that the City violated several provisions of the NY Constitution, the Local Finance Law, and other statutes, and he sought judgment declaring that the guarantee and assumption agreements were null and void. In addition, he sought to enjoin the City from making any payments to Export Finance. In appeal No. 1, plaintiff appeals from a judgment that granted the motion of the City and the Mayor (City defendants) for summary judgment, denied plaintiff's cross motion for summary judgment, and declared that the guarantee and assumption agreements did not violate the NY Constitution or any other law and were fully enforceable. In appeal No. 2, plaintiff appeals from an order that sua sponte granted summary judgment to Export Finance pursuant to CPLR 3212 (b) on the ground that Supreme Court's decision with respect to the City defendants "resolv[ed] the action." We modify the judgment in appeal No. 1 by dismissing the second amended complaint against the City and the Mayor and vacating the declaration, and we modify the order in appeal No. 2 by dismissing the second amended complaint against Export Finance.

We note at the outset that, contrary to the determination of the court, this action is barred by the defense of laches. The City defendants raised the defense of laches in support of their motion, and they may rely on that defense on appeal as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Cataract Metal Finishing, Inc. v City of Niagara Falls, 31 AD3d 1129, 1130 [2006]). The defense of laches requires both delay in bringing an action and a showing of prejudice to the adverse party (see Matter of Schulz v State of New York, 81 NY2d 336, 348 [1993]; Resk v City of New York, 293 AD2d 661, 662 [2002], lv denied 99 NY2d 507 [2003]). In support of their motion, the City defendants established that they would be prejudiced by plaintiff's delay in bringing this action. Plaintiff, having been a vocal proponent of the acquisition of the ferry, was undoubtedly aware of the actions taken by the City, including the formation of RFC in January 2005, as well as the execution of the guarantee agreement in February 2005 and the assumption agreement in June 2006, yet he waited until August 2007 to bring what was originally a CPLR article 78 proceeding naming only the City as a respondent. The City defendants established that, by that time, the only option left to the City would be to refrain from paying Export Finance, thereby harming its credit

rating for nonpayment of debt, or to pay Export Finance and attempt to recoup the payments in an Australian court. Export Finance contended that, if anyone had challenged the City's ability to enter into the guarantee and assumption agreements, Export Finance would not have relinquished its maritime lien and would have sold the ferry to another purchaser. The City defendants thus made a showing of delay and prejudice, establishing their entitlement to the defense of laches, and plaintiff failed to rebut that showing. Plaintiff's contention that the defense of laches is against public policy is without merit (*see generally Schulz*, 81 NY2d at 348-350).

In any event, we nevertheless address the merits of plaintiff's contentions. In doing so, we note that we are concerned only with the legality of the actions of the City, not its wisdom in entering into the agreements (*see Local Govt. Assistance Corp. v Sales Tax Asset Receivable Corp.*, 2 NY3d 524, 528 [2004]). Contrary to plaintiff's contention, the City's guarantee and assumption agreements with respect to RFC's loan were not in violation of NY Constitution, article VIII, § 1. That constitutional provision prohibits a city from loaning "its credit to or in aid of any individual, or public or private corporation or association, or private undertaking" (*id.*). The purpose of the provision is to prohibit a municipality from lending its credit to others, including other municipalities (*see generally Wein v State of New York*, 39 NY2d 136, 142-145 [1976]; *Town of Rye v Union Free School Dist.*, 280 NY 469, 474, 477-478 [1939]; *Long Is. Light. Co. v Mack*, 137 AD2d 285, 291-292 [1988], *appeal dismissed* 74 NY2d 804 [1989]). Inasmuch as the City was the sole member of RFC, it did not lend its credit to others in violation of that constitutional provision.

We reject plaintiff's further contention that the City violated NY Constitution, article VIII, § 2 and Local Finance Law § 11.00 by contracting for indebtedness for longer than the period of probable usefulness. Pursuant to that constitutional provision, "[n]o . . . city . . . shall contract any indebtedness . . . for longer than the period of probable usefulness of the object or purpose for which such indebtedness is to be contracted" (NY Const, art VIII, § 2). Local Finance Law § 11.00 (a) codifies that constitutional prohibition, and further provides that the period of probable usefulness of the acquisition of a ferry boat is 35 years while that of a system of ferry boat transportation is 10 years (§ 11.00 [a] [26], [47]). The City guaranteed payments to Export Finance for the purchase of the ferry through 2021, less than the 35 years provided in Local Finance Law § 11.00 (a) (26). The fact that the Local Finance Law provides for a shorter

term with respect to the acquisition of a system of ferry boat transportation does not preclude reliance on the longer period for purchases of ferry boats (*see generally Friedman v Board of Educ. of E. Ramapo Cent. School Dist.*, 259 AD2d 464, 465 [1999]). Moreover, the fact that the City sold the ferry shortly after it assumed RFC's debt to Export Finance did not render inapplicable the 35-year period set forth in the Local Finance Law.

Plaintiff next contends that the City was prohibited from forming RFC as a limited liability company (LLC). NY Constitution, article X, § 5 provides that a public corporation must be created by special act of the Legislature. Here, the record establishes that the City contemplated asking the Legislature to form a public authority to purchase and operate the ferry. Due to time constraints, however, the City decided instead to create RFC as an LLC, and plaintiff contends that the City thereby circumvented constitutional safeguards preventing the formation of public corporations in the absence of legislative approval. We reject that contention. There is nothing in the Limited Liability Company Law prohibiting municipalities from creating an LLC and, as the court properly noted, the Legislature could have enacted such a prohibition had it wished to do so (*see generally Longway v Jefferson County Bd. of Supervisors*, 83 NY2d 17, 22 [1993]). We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.