# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1015**

**CA 14-00062**

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF
THE FINAL ACCOUNT OF JPMORGAN CHASE BANK N.A.,
PETITIONER-RESPONDENT,
AS TRUSTEE OF THE TRUST CREATED UNDER THE LAST      MEMORANDUM AND ORDER
WILL AND TESTAMENT OF LUCY GAIR GILL, DECEASED,
DATED OCTOBER 26, 1975, FOR THE BENEFIT OF MARY
GILL ROBY, ET AL.
--------------------------------------------------
ELIZABETH LEE ROBY, KATHRYN STARR ROBY JOHNSON,
AND WILLIAM S. ROBY, III, OBJECTANTS-APPELLANTS.

---

WILLIAM S. ROBY, III, ROCHESTER, OBJECTANT-APPELLANT PRO SE, AND FOR
ELIZABETH LEE ROBY AND KATHRYN STARR ROBY JOHNSON, OBJECTANTS-
APPELLANTS.

NIXON PEABODY LLP, ROCHESTER (STEPHANIE T. SEIFFERT OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Surrogate's Court, Monroe
County (Edmund A. Calvaruso, S.), entered October 7, 2013.  The
amended order granted petitioner's motion to dismiss the objections.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum:  Objectants Elizabeth Lee Roby (Elizabeth), Kathryn
Starr Roby Johnson (Kathryn), and William S. Roby, III, (William),
appeal from an amended order granting the motion of petitioner
JPMorgan Chase Bank N.A. to dismiss the objections filed by
objectants.  Lucy Gair Gill died in 1983, and her will established a
trust for the benefit of her daughter, Mary Gill Roby (Mary), with
petitioner's predecessor in interest, Lincoln First Bank, named as
trustee.  The trust provided that income and principal would be paid
to Mary and her children and grandchildren for Mary's lifetime and,
upon Mary's death, the trust would terminate and the remainder of the
trust would be distributed pursuant to Mary's limited power of
appointment.  Mary had three children:  William, Peter Roby (Peter),
and Gill Roby DeChario (Gill).  Mary died on July 9, 2010, and she
exercised her limited power of appointment in her will to distribute
the trust assets to Peter, Gill, William, and each of William's
daughters, Elizabeth and Kathryn.

As trustee, petitioner prepared an accounting and distributed it
with proposed releases to the trust beneficiaries.  Kathryn, Peter,

and Gill executed releases in January and February 2011, thereby releasing petitioner from any liability related to the administration of the trust. On January 29, 2012, apparently due to an inability to reach a voluntary settlement with the other beneficiaries, petitioner filed a petition for judicial settlement and final accounting in Suffolk County. Petitioner retained some portion of the trust funds pending judicial settlement for payment of legal fees and other expenses. The matter thereafter was transferred to Monroe County upon William's motion.

On March 11, 2013, objectants filed verified objections to the final accounting. The primary objection raised by objectants concerned petitioner's investment of the trust assets in mutual funds managed by petitioner (proprietary funds) and petitioner's refusal to consider investing in mutual funds managed by third parties (nonproprietary funds). In 2000 and 2001, the beneficiaries had expressed in writing their displeasure with petitioner's investment strategy and demanded that petitioner resign as trustee. According to objectants, petitioner's refusal to consider investment in nonproprietary funds was a breach of fiduciary duty that caused objectants "great loss," inasmuch as the growth of investment proceeds from the trust assets failed to keep pace with the Standard and Poor's 500 index and the Dow Jones Industrial Average. Objectants alleged that petitioner should have resigned as trustee upon the demand of the beneficiaries.

Petitioner subsequently moved to dismiss the objections pursuant to CPLR 3211 (a) (1) and (7) and, in an amended decision and order, Surrogate's Court granted petitioner's motion. The Surrogate held, inter alia, that, inasmuch as objectants took no action when petitioner repeatedly advised them in 2000 and 2001 that it would not invest in nonproprietary funds, the objections were barred by the defense of laches. The Surrogate also agreed with petitioner that the "open repudiation rule" did not apply because that rule had originated as a toll of the statute of limitations to protect beneficiaries who were not aware that a fiduciary had ceased to act in that capacity (see *Access Point Med., LLC v Mandell*, 106 AD3d 40, 45) and, here, the beneficiaries were aware of petitioner's investment strategy. Although we affirm the amended order, we do so on grounds other than those relied on by the Surrogate (see *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Summers v City of Rochester*, 60 AD3d 1271, 1273; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130).

We agree with objectants that the Surrogate erred in dismissing the objections on the ground that the objections were barred by the defense of laches. Contrary to petitioner's contention, the open repudiation rule applies to the defense of laches (see *Matter of Barabash*, 31 NY2d 76, 82, *rearg denied* 31 NY2d 963; *Knobel v Shaw*, 90 AD3d 493, 496; *Matter of Baird*, 58 AD3d 958, 960; *Matter of Meyer*, 303 AD2d 682, 683; *Matter of Rodken*, 270 AD2d 784, 785). As the Court of Appeals stated in *Barabash*, "[a] fiduciary is not entitled to rely upon the laches of his beneficiary as a defense, unless he repudiates

the relation to the knowledge of the beneficiary" (31 NY2d at 82 [internal quotation marks omitted]).  Moreover, the open repudiation rule "requires proof of a repudiation by the fiduciary which is *clear* and made known to the beneficiaries" (*id.* at 80).  In other words, the rule requires "either an *open repudiation of the fiduciary's obligation* or a judicial settlement of the fiduciary's account" (*Meyer*, 303 AD2d at 683 [emphasis added]; *see Rodken*, 270 AD2d at 785).  Here, we conclude that petitioner's refusal to consider investing trust assets in nonproprietary funds in accordance with the desires of the beneficiaries did not constitute an open repudiation of petitioner's role as fiduciary.  To the contrary, petitioner asserted in letters to the beneficiaries that it continued to act "as trustee" and that petitioner's investment strategy was based upon its belief that investing in proprietary funds was in the best interest of the beneficiaries and was an exercise of its fiduciary responsibilities.  Thus, petitioner did not repudiate its role as fiduciary but, rather, expressly continued to fulfill it (*see Baird*, 58 AD3d at 959-960; *see also Barabash*, 31 NY2d at 81).  Inasmuch as petitioner's repudiation of its role of fiduciary was a prerequisite to its assertion of the defense of laches, and because no such repudiation occurred, we conclude that the Surrogate erred in permitting petitioner to assert that defense and in dismissing the objections on the ground that the objections were barred thereby.

We agree with petitioner, however, that the objections should be dismissed for failure to state a cause of action.  On a motion to dismiss pursuant to CPLR 3211 (a) (7), "we . . . must accept the facts as alleged in the [objections] as true, accord [objectants] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . [T]he criterion is whether [objectants have] a cause of action, not whether [they have] stated one" (*Genesee/Wyoming YMCA v Bovis Lend Lease LMB, Inc.*, 98 AD3d 1242, 1244 [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88; *see also Matter of Budd*, 267 App Div 966, 966).  The elements of a cause of action for breach of fiduciary duty are " 'the existence of a fiduciary duty, misconduct by the [petitioner] and damages that were directly caused by the [petitioner's] misconduct' " (*McGuire v Huntress* [appeal No. 2], 83 AD3d 1418, 1420, *lv denied* 17 NY3d 712).  As a preliminary consideration, we reject objectants' contention that they raised 17 separate and distinct objections and, instead, we conclude that they raised only five distinct objections in the context of alleging breach of fiduciary duty, each of which we will address in turn.

We reject objectants' contention that they stated a cause of action for breach of fiduciary duty by filing an objection to petitioner's refusal to consider investment in nonproprietary funds. Objectants correctly concede that the Prudent Investor Act permits petitioner to invest trust assets in proprietary funds (*see* EPTL 11-2.3 [d]).  The Prudent Investor Act also requires a trustee such as petitioner with "special investment skills" to "exercise such diligence in investing and managing assets as would customarily be exercised by prudent investors of discretion and intelligence having

special investment skills" (EPTL 11-2.3 [b] [6]).  Even under this
standard, however, " 'it is not sufficient that hindsight might
suggest that another course would have been more beneficial; nor does
a mere error of investment judgment mandate a surcharge' " (*Matter of
HSBC Bank USA, N.A. [Knox]*, 98 AD3d 300, 309, *lv dismissed* 20 NY3d
860, quoting *Matter of Bank of N.Y.*, 35 NY2d 512, 519; *see Matter of
Chase Manhattan Bank*, 26 AD3d 824, 828, *lv denied* 7 NY3d 824,
*reconsideration denied* 7 NY3d 922).  Thus, it is well settled that
" 'a fiduciary's conduct is not judged *strictly* by the success or
failure of the investment . . . In short, the test is prudence, not
performance, and therefore evidence of losses following the investment
decision does not, by itself, establish imprudence' " (*Knox*, 98 AD3d
at 309, quoting *Matter of Janes*, 223 AD2d 20, 27, *affd* 90 NY2d 41,
*rearg denied* 90 NY2d 885).  Here, objectants merely alleged that the
proprietary funds were underperforming, which is insufficient to state
a cause of action for breach of fiduciary duty (*see Knox*, 98 AD3d at
309; *Matter of Morgan Guar. Trust Co. of N.Y.*, 89 Misc 2d 1088, 1092).

     We further conclude that objectants' claim that petitioner did
not consider the tax consequences of its investment in tax-exempt
municipal bonds failed to state a cause of action for breach of
fiduciary duty.  The Prudent Investor Act requires trustees "to
consider . . . the expected tax consequences of investment decisions
or strategies" (EPTL 11-2.3 [b] [3] [B]).  We agree with petitioner,
however, that its letters to the beneficiaries, which are attached to
the objections, demonstrate that petitioner considered the investment
in municipal bonds as part of its overall investment strategy and,
further, that petitioner properly considered the tax consequences of
that investment decision.  The mere fact that Mary allegedly lost
interest income in return for a "negligible break on her tax return,"
as the objectants characterize it, does not establish that petitioner
was imprudent in choosing to invest in fixed-income assets such as
tax-exempt municipal bonds (*see Knox*, 98 AD3d at 309).

     Objectants failed to state a cause of action for breach of
fiduciary duty on the ground that petitioner failed to advise the
beneficiaries of changes in the law and further failed to take any
action based on those changes.  Objectants provide no support for
their assertion that trustees have a fiduciary duty to advise
beneficiaries of changes in the EPTL.  In any event, the provisions of
the EPTL cited by objectants merely authorize particular actions by a
trustee in its discretion (*see* EPTL 11-2.3 [b] [5] [A]; 11-2.4 [e] [1]
[B]); thus, even if it were true that petitioner "took no action
pursuant to th[ose] change[s] in the law," such inaction does not
establish a breach of fiduciary duty.

     We agree with petitioner that the allegations in the objections
regarding petitioner's failure to communicate and consult with the
beneficiaries regarding investment decisions failed to state a cause
of action for breach of fiduciary duty.  "[A] trustee may not delegate
his or her investment authority to a beneficiary or others" (*Matter of
Saxton*, 274 AD2d 110, 120; *see Matter of Roche*, 233 App Div 236, 237,
*mod on other grounds* 259 NY 458).  Thus, that part of the objections

stating that petitioner excluded the beneficiaries from choosing between proprietary funds or nonproprietary alternatives and failed to consider the beneficiaries' investment advice does not state a cause of action for breach of fiduciary duty. In any event, the factual basis for the objectants' claim is belied by the record. A trustee has a duty to communicate material facts to beneficiaries (*see Janes*, 223 AD2d at 32; *Matter of Wood*, 177 AD2d 161, 167, citing Restatement [Second] of Trusts § 170) and, here, objectants did not allege that petitioner failed to communicate material facts to the beneficiaries regarding investment strategy; rather, the record supports the conclusion that the beneficiaries merely disagreed with the strategy as properly communicated by petitioner. Moreover, the record establishes that petitioner repeatedly advised the beneficiaries that it welcomed their input regarding the management of the trust.

Objectants also alleged that petitioner required all beneficiaries, even those who had signed releases, to contribute part of their share of the trust distribution to a litigation reserve pending judicial settlement and that petitioner withheld the entirety of the objectants' interest in the trust for the litigation reserve. We conclude that such allegations do not state a cause of action for breach of fiduciary duty. To the extent that objectants contend that petitioner wrongfully withheld a portion of the shares of Gill and Peter in the litigation reserve, we conclude that objectants do not have standing to challenge petitioner's conduct relating to non-objecting beneficiaries (*see Matter of Schultz*, 104 AD3d 1146, 1147). In any event, the Surrogate required petitioner to pay costs associated with the litigation from William's share and to distribute Peter's and Gill's shares as soon as practicable. In addition, the Surrogate had discretion to allocate expenses among the objecting beneficiaries only (*see generally Matter of Hyde*, 15 NY3d 179, 186-187), and the objections do not state that petitioner failed to comply with the Surrogate's order. Finally, objectants cite no legal authority prohibiting petitioner from delaying distribution of trust assets pending judicial settlement in order to pay for legal fees and other expenses. The objections therefore fail to state a cause of action for breach of fiduciary duty based on petitioner's creation of a litigation reserve.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court